## ABSOLOM and CROCKER v. JOHN CALLUM.

An affidavit to arrest a debtor, under the 10th section of the act of 28th March, 1840, to abolish imprisonment for debt, must be made by the creditor himself, and not by an agent or attorney.

The 10th section of the act of March 28th, 1840, contemplates debtors who have resided here; and *is not applicable to persons who came here after the debt or obligation was contracted.* A fraudulent agent, who had absconded from Scotland, could not be proceeded against under the act. The contract of agency having been made in Great Britain, to be there fulfilled, the fraud was consummated when the agent there refused to account for his agency.

APPEAL from the First District Court of New Orleans, *Larue,* J. *Stockton* and *Steele,* for plaintiffs. *Race* and *Foster,* for defendant. The judgment of the court was pronounced by

SLIDELL, J. In their petition, the plaintiffs, who are merchants in the city of London, state that the defendant was their agent to collect monies due them in Scotland; that he collected for them over £2200, paid over only £627, and refused to pay over the balance, which is still due; that he absconded from his residence in Scotland, about the 1st of September, 1850, to avoid the payment of his just debts, and defraud the plaintiffs and his other creditors; and they knew not where he was, till recently they learned he was in New Orleans. They prayed an arrest of the defendant, as an absconding and fraudulent debtor.

An affidavit was made by an agent of the plaintiffs, that the allegations of the petition were true, to the best of his knowledge and belief.

ABSOLOM
*v.*
CALLUM.

The defendant was arrested, and immediately took a rule to set aside the arrest. The arrest was ordered to be set aside, for reasons verbally given by the judge. The reasons assigned orally by the judge were, as we are informed by plaintiff's counsel, that the fraud complained of transpired in Scotland, out of the limits of Louisiana; and, therefore, the tenth and eleventh sections of the act of 1840, abolishing the writ of *capias ad satisfaciendum*, etc., did not apply; and that the affidavit for arrest was made by the agent, and not by the creditor himself; and, therefore, the arrest could not be maintained on the ground that defendant had absconded, etc. He said the act of 1847, p. 63, required that the oath, as to the absconding of the debtor, should be taken by the creditor himself.

The rule is well settled in our jurisprudence, that the remedy of arrest is to be strictly construed. Such was the doctrine before the act of 1840, entitled " an act to abolish imprisonment for debt;" and its propriety is fortified by the lenient spirit of that statute, as compared with the preëxisting legislation. This consideration is important in the decision of the present question.

Two grounds are relied upon by the plaintiffs, in support of their alleged right to incarcerate the defendant. 1st, That he was an absconding debtor. 2d, That he was a fraudulent debtor, and his case came within the purview of the 10th and 11th sections of the act of 1840.

I. By the 9th section of the act, (p. 133) it is enacted, that no citizen of another State shall hereafter be arrested in this State, at the suit of a non-resident creditor, except in cases where it shall be made to appear that the debtor has absconded from his residence.

A doubt might be raised, whether this section gives the remedy of arrest, where, as in this case, the absconding debtor is a subject of a foreign government, and the residence from which he absconded was in a foreign country. Do the terms " citizen of another State," point to citizens of other States of the Union? Waiving, however, an opinion on this point, and supposing the plaintiffs entitled to the remedy of arrest, under the 10th section, against *Callum*, a subject of Great Britian, who has absconded from his residence in Scotland, is the affidavit is this case sufficient? It is made, not by *Absolom* and *Crocker*, or one of that firm, the creditors, but by *George Black*, their agent, appointed under the power of attorney to collect the debt in question.

The 9th section of the act of 1840 was amended by the act of 1847, so as to read as follows: " That no citizen of another State shall hereafter be arrested in this State, at the suit of a resident or non-resident creditor, except in cases where it shall be made to appear, by the oath of the' creditor, that the debtor has absconded from his residence."

This statute introduces two changes in the preëxisting law. It brings the resident creditor under its operation; it requires that the fact of absconding be made to appear, by the oath of the creditor. The provision, as it stood before, being thus amended, was satisfied by its being made to appear that the debtor had absconded from his residence; and it might be considered as coming under the then existing provision of law, which authorized an affidavit for arrest to be made by the creditor, or his agent. The amended provision, we think, requires the oath of the creditor himself, as to the fact of absconding. A compliance with this requisition may be inconvenient to the non-resident creditor, but is not impracticable. We are, therefore, constrained to say that, in our opinion, the

district judge did not err in holding the affidavit of the agent, as to the fact of absconding, insufficient.

II. Upon the second point, we are of opinion, as we have hitherto said in the case of *Hand* v. *Taliaferro*, that the 10th section of the act of 1840 contemplates debtors who have resided in this State. It considers some acts fraudulent, which are lawful by the laws of other States and countries. Its scope and purport must be gathered from the entire section and the context. The consequences of the acts which the statute declares presumptive evidence of fraud, are very severe. The debtor who is adjudged guilty of defrauding the complaining creditor, in the manner contemplated in the preceding section, is to be condemned to incarceration for a period not exceeding three years.

The case of *Andrews* v. *His Creditors*, 11 L. R. 464, decided in 1838, upon which the plaintiff relies, does not, in our opinion, cover the present case. It will be observed, that there *Andrews*, the debtor, charged with the commission, in Alabama, of acts not deemed fraudulent there, but which would have been so under our laws, was seeking a discharge from his debts and arrest under our insolvent laws. It was held, that our courts would not grant him such relief. To what extent we would be prepared, in a similar case, to adopt all the points relied on in *Andrews'* case, is not now necessary to say.

It is said, that the fraud in this case occurred in Louisiana, inasmuch as the defendant refuses here to pay over money which he received in Scotland on account of the plaintiffs. This view is unsound. The contract of agency was made in Great Britain, to be fulfilled in all its parts there. The fraud was consummated when the defendant broke his contract, by failing to pay over to his principals, and absconded with their money in his pocket, to escape legal pursuit there.

It will be observed, that it is not charged that *Callum* is about to depart permanently from the State.

Judgment affirmed; plaintiffs to pay costs.